## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AAMCO TRANSMISSIONS, LLC,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| v. | : | |
| | : | |
| **ADRIAN STUPAR,** | : | |
| **ZART TRANSMISSIONS, INC., and** | : | |
| **STUPAR, INC.,** | : | **NO. 25-cv-2014** |
| *Respondents.* | : | |

## MEMORANDUM

**KENNEY, J.**                                                    **November 18, 2025**

Before the Court is Petitioner AAMCO Transmissions, LLC's ("AAMCO" or "Petitioner")

Motion for Default Judgment, ECF No. 15 (the "Motion"). On April 21, 2025, AAMCO filed a

petition to confirm a final arbitration award rendered by an arbitrator of JAMS and a judgment

consistent with that award. ECF No. 1 (the "Petition"). To date, Respondents Adrian Stupar, Zart

Transmissions, Inc., and Stupar, Inc. have not opposed AAMCO's Petition or otherwise appeared

in this action. For the reasons discussed below, the Motion will be **GRANTED**.

### I.     BACKGROUND

AAMCO is the franchisor of a brand of total auto care centers that operate throughout the

country, and Respondents are franchisees that operated two such centers in California. ECF No. 1

¶¶ 1, 10–11. AAMCO and Respondents entered into a written franchise agreement for each center,

one on April 5, 2017 and the other on March 28, 2019 (the "Agreements"). *Id.* ¶¶ 10–11. Each

Agreement contains an arbitration provision requiring the Parties to arbitrate "any claim arising

out of or related to [the] Agreement or the making, performance, breach, or interpretation of [the]

Agreement . . . at the JAMS office in Philadelphia, Pennsylvania." *Id.*, Ex. A at 31 & Ex. B at 31.

Both Agreements also provide for the confirmation of any arbitration award in court. *Id.*

According to the Petition, Respondents prematurely closed one of the two franchise locations in breach of the Agreement governing that franchise. ECF No. 1 ¶ 15. Respondents failed to cure the breach, and due to a cross-default provision in the Agreements, Respondents' default under the one Agreement resulted in default under the other Agreement as well. *Id.* ¶¶ 14, 16–17. On November 9, 2022, AAMCO submitted a demand for arbitration before JAMS and the Honorable John J. Hughes (Ret.) was appointed as the arbitrator. *Id.* ¶¶ 18–19. Respondents participated in the arbitration by submitting evidence and a motion for summary disposition. *Id.* ¶¶ 20–21. Judge Hughes rendered a final award in the arbitration in favor of AAMCO on April 25, 2024, awarding damages totaling $172,358.22 against Respondents. *Id.* ¶¶ 22–23; *id.* Ex. C.

Under Section 12 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, Respondents had three months after the final award was rendered to challenge the award under Sections 10 or 11 of the FAA. *See* 9 U.S.C. § 12. This time period expired on July 25, 2024, and the final arbitration award has not been vacated, modified, or corrected under Sections 10 or 11 of the FAA. ECF No. 1 ¶¶ 24–25. AAMCO has timely brought this Petition to confirm the final arbitration award. *See* 9 U.S.C. § 9 (allowing petitions to confirm arbitration awards within one year after the award is made). The final arbitration award was made by Judge Hughes on April 25, 2024, and AAMCO filed the Petition within one year on April 21, 2025. ECF No. 1 ¶ 26.

## II.    LEGAL STANDARD

Many district courts in the Third Circuit have found that default judgments are generally inappropriate for confirming arbitration awards. *See, e.g., AAMCO Transmissions, LLC v. Winard*, No. 20-6114, 2021 WL 2646887, at *1 (E.D. Pa. June 28, 2021); *Intellisys., LLC v. McHenry*, No. 19-1359, 2019 WL 2715373, at *2 (E.D. Pa. June 26, 2019); *AAMCO Transmissions, LLC v. 410 Motorworks, LLC*, No. 23-4905, 2024 WL 4319566, at *2 (D.N.J. Sept. 26, 2024). Petitions to

confirm arbitration awards typically contain a record from the underlying arbitration proceeding, so courts have treated motions for default judgment in matters to confirm arbitration awards as unopposed motions for summary judgment. *AAMCO Transmissions*, 2021 WL 2646887, at *1; *see D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006). The Court will follow suit here and treat Petitioner's Motion as a motion for summary judgment.

## III.    DISCUSSION

Under the FAA, a district court's involvement in the arbitration process is limited to enforcing arbitration under a valid arbitration clause and enforcing arbitration awards. *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020). "[W]hen enforcement of an arbitration award is sought[,] . . . the [FAA] authorizes the district court to confirm, vacate, or modify the award under a narrow scope of judicial review." *Id.* (quoting *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998)). The FAA states that a court "must grant" a timely request for confirmation of an arbitration award unless the award is vacated, modified, or corrected under Sections 10 or 11 of the statute. 9 U.S.C. § 9. If there is no dispute as to whether an arbitration award should be vacated, modified, or corrected, confirmation of the award under Section 9 of the FAA converts the award into a judgment of the court. *Teamsters Loc. 177*, 966 F.3d at 251. "Once confirmed, an arbitration award becomes a judgment of the court, entitled to 'the same force and effect, in all respects, as, and . . . subject to all the provisions of law relating to, a judgment in [any other] action.'" *Id.* (alterations in original) (quoting 9 U.S.C. § 13).

The Parties' Agreements both expressly provide that:

> [J]udgment upon the award of the arbitration may be entered in the court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the award or an order of enforcement, and the parties submit themselves to the jurisdiction of any such competent jurisdiction for the entry and enforcement of the award.

3

ECF No. 1, Ex. A at 31 & Ex. B at 32. The Agreements state that any arbitrations shall be conducted in Philadelphia, Pennsylvania. *Id.* Accordingly, AAMCO's Petition to confirm the final arbitration award was properly filed with this Court pursuant to the terms of the Parties' Agreements and the FAA. AAMCO timely filed the Petition on April 21, 2025, within one year of the final arbitration award dated April 25, 2024. ECF No. 1 ¶ 26.

The party challenging an arbitration award has the burden to establish the grounds on which the award may be overturned or modified, and must do so within three months of the date of the award. 9 U.S.C. § 12. Here, Respondents did not challenge or oppose Judge Hughes' final arbitration award within the prescribed three-month period and have not entered an appearance in this action to challenge the award. *See* ECF No. 1 ¶¶ 24–25; ECF No. 15 at 3; ECF No. 15-1 ¶ 5. Indeed, Petitioner's counsel has represented that Respondents do not intend to appear in this action. ECF No. 15-1 ¶ 5. Upon review of the Parties' Agreements and the final arbitration award, the Court does not find the award to be improper. Thus, the Court will confirm the final arbitration award and enter judgment in favor of AAMCO and against Respondents, in the amount as set forth in the award.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant AAMCO's Petition to Confirm Arbitration Award (ECF No. 1) and the Motion (ECF No. 15). The Court will enter judgment in favor of AAMCO, as set forth in the Arbitrator's Final Award (ECF No. 1, Ex. C). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**